**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ASANTEWAA WADIE OPPONG,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**BLITT AND GAINES, P.C.,** and )<br>**ASSET RECOVERY SOLUTIONS, LLC,** )<br>)<br>)<br>Defendant. )<br>_____ ) | No. |

**COMPLAINT**

Plaintiff ASANTEWAA WADIE OPPONG ("Plaintiff") makes this Complaint against BLITT AND GAINES, P.C., ("BLITT AND GAINES" or "Defendant") and ASSET RECOVERY SOLUTIONS, LLC, ("ARS" or "Defendant") and states as follows:

**NATURE OF ACTION**

1. ARS is a debt collector who – through its attorneys at BLITT AND GAINES, filed a petition for revival of a consumer debt judgment against Plaintiff. The petition was untimely by two and a half years. Accordingly, the judgment is no longer judicially enforceable. By filing the petition, Defendants made false representations about the legal status of a debt, which is deceptive, unfair, and a violation of the Fair Debt Collection Practices Act.

2. Plaintiff believed Defendants' false representations about the legal status of the debt. Defendants' representations caused Plaintiff fear of wage garnishment, hopelessness, and economic harm. Plaintiff spent over six weeks preoccupied by the debt. Rather than languish, Plaintiff paid a $29.00 monthly membership fee to a company that promises to "empower those burdened with debt to fight back." In addition to the membership fee, Plaintiff took time off work to discuss the matter with legal counsel, provide documentation, and answer follow-up questions. Plaintiff learned about the nature of Defendants' conduct through her attorneys.

3. Defendants violated the Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq*. Plaintiff seeks injunctive and compensatory relief in this action.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff is a natural person and citizen of Illinois.

5. ASSET RECOVERY SOLUTIONS, LLC, is a domestic limited liability company.

6. BLITT AND GAINES, P.C., is a domestic corporation.

7. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction because Plaintiff's FDCPA claim arises under the laws of the United States.

8. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction because Plaintiff's ICFA claim forms part of the same controversy.

9. Pursuant to 28 U.S.C. § 1391(b), venue is proper because events and omissions giving rise to the claims occurred in this district. Venue is proper in this district because Defendants are Illinois business entities and can be found, have agents, and transact business in this district.

## FACTS

10. Plaintiff has accrued around $4500 in outstanding credit card debt over the last two decades to provide for her household. Plaintiff has four children, little income, and little savings. The debt is overwhelmingly the result of involuntary unemployment.

11. BLITT AND GAINES is a law firm and is a "debt collector" as defined by the FDCPA.

12. ARS is a "debt collector" as defined by the FDCPA.

13. Prior to Defendants' involvement in the matter, AGD Financial Trust acquired, or claimed to have acquired, rights regarding unpaid credit card debt that belonged to Plaintiff.

14. On April 20, 2009, AGD Financial Trust filed a lawsuit against Plaintiff for the unpaid credit card debt through its attorneys at BLITT AND GAINES. Records of the dispute are filed with the Cook County Clerk of Courts at case number 2009MI133671.

15. On June 9, 2009, the Circuit Court of Cook County entered a default judgment in the case against Plaintiff for $1,556.13, plus costs and attorney fees.

16. ARS now claims to have an interest in the consumer debt judgment.

17. On September 13, 2021, ARS filed a petition for revival of the consumer debt judgment through its attorneys. Like its predecessor, AGD Financial Trust – ARS hired BLITT AND GAINES as its legal counsel.

18. ARS's petition was filed in the original matter at case number 2009MI133671.

19. Since the original judgment was more than twelve and a half years ago, ARS's petition is untimely pursuant to 735 ILCS 5/2-1602 *et seq*.

20. On October 2, 2021, Plaintiff received notice of ARS's petition and BLITT AND GAINES's renewed collection efforts through personal service.

21. Plaintiff was fearful because she believed ARS's petition would result in an eventual wage deduction order. Plaintiff does not believe she can provide for her family and simultaneously have her wages garnished.

22. Plaintiff was fearful about how public record of the petition might affect her credit standing and her ability to purchase a home.

23. Plaintiff was hopeless because she felt Defendants' collection efforts were relentless and because Plaintiff felt powerless to defend against ARS and BLITT AND GAINES by herself.

24. Plaintiff was hopeless because she spent the last two decades trying to improve her finances through credit remediation and increasing her modest income. Plaintiff felt like she could not escape the financial problems of her past – even the very old past.

25. After being served with notice of the petition, Plaintiff spent the next six weeks fixated on her fears, hopelessness, and the prospective struggles she would face. Rather than languish, Plaintiff began searching the internet for financial help.

26. On November 16, 2021, Plaintiff sought support through a company that promises to "empower those burdened with debt to fight back." The company charges a $29.00 monthly membership fee, which Plaintiff paid.

27. On November 18, 2021, Plaintiff took time off from work to discuss ARS's petition with legal counsel. Defendant took additional time off from work to respond to counsel's follow up questions and provide documentation.

## COUNT I

**15 U.S.C. § 1692e *et seq*.**
**Fair Debt Collection Practices Act**
**("FDCPA")**

28. All previous paragraphs are incorporated herein.

29. BLITT AND GAINES is a "debt collector" as defined by the FDCPA.

30. ARS is a "debt collector" as defined by the FDCPA.

31. Plaintiff is a "consumer" as defined by the FDCPA.

32. The entry of judgment by the Circuit Court of Cook County at case number 2009MI133671 is a consumer debt judgment as defined by 735 ILCS 5/2-1303 *et seq*.

33. Defendants violated the FDCPA at 15 U.S.C. § 1692e by misrepresenting the legal status of a consumer debt judgment in a manner including, but not limited to the following:

   a. ARS filed a petition through its attorneys at BLITT AND GAINES to revive Plaintiff's consumer debt judgment more than 10 years after its entry in violation of 735 ILCS 5/2-1602 *et seq*.

34. Defendants are experienced debt collectors and understand their obligations under the FDCPA and Illinois law. Despite this knowledge, Defendants misrepresented the legal status of a consumer debt judgment for their profit. As the result of Defendants' conduct, Plaintiff suffered distress – to include uncertainty about her ability to provide for her family and fear and hopelessness. To overcome Defendants' false representations, Plaintiff paid monthly fees to a company that promised to help her "fight back." Plaintiff also incurred legal costs to investigate and prosecute this matter and reputational harm by virtue of the public record.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the court:

A. Award damages, including compensatory, statutory, and exemplary damages, to Plaintiff in an amount determined at trial;

B. Permanently enjoin Defendant from the wrongful and unlawful conduct alleged herein;

C.  Award Plaintiff expenses and costs for the suit, including reasonable attorney fees to the extent provided by law;

D.  Award pre-judgment and post-judgment interest to the extent provided by law; and

E.  Award such further relief as the Court deems appropriate.

## COUNT II

### 815 ILCS 505/1 *et seq*.
### Consumer Fraud and Deceptive Business Practices Act.
### ("ICFA")

35. All previous paragraphs are incorporated herein.

36. Defendants' conduct occurred in trade or commerce as defined by the ICFA.

37. Defendants violated the ICFA at 815 ILCS 505/2 because filing the petition to revive the consumer debt judgment was "deceptive" and "unfair" under Illinois law, FTC interpretations, and federal court rulings in a manner including, but not limited to the following:

   a. Defendants intended for Plaintiff to rely on the revival of the consumer debt judgment as legally sufficient; and

   b. Defendants intended for Plaintiff's employers and other third parties to rely on the revival of the consumer debt judgment as legally sufficient in prospective attempts to enforce the judgment; and

   c. Defendants' effort to revive the consumer debt judgment was materially misleading from the perspective of a reasonable consumer, caused substantial injury, violated established policy, and was unethical and oppressive.

38. Defendants are experienced debt collectors and understand their obligations regarding revival of consumer debt judgments. Despite this knowledge, Defendants misrepresented the legal status of a consumer debt judgment for their profit. Defendants' conduct was deliberate, showed

bad motive, and demonstrated indifference for the rights of others. As the result of Defendants' conduct, Plaintiff suffered distress – to include uncertainty about her ability to provide for her family and fear and hopelessness. To overcome Defendants' false representations, Plaintiff paid monthly fees to a company that promised to help her "fight back." Plaintiff also incurred legal costs to investigate and prosecute this matter and reputational harm by virtue of the public record.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the court:

F. Award damages, including compensatory and exemplary damages, to Plaintiff in an amount determined at trial;

G. Permanently enjoin Defendant from the wrongful and unlawful conduct alleged herein;

H. Award Plaintiff expenses and costs for the suit, including reasonable attorney fees to the extent provided by law;

I. Award pre-judgment and post-judgment interest to the extent provided by law; and

J. Award such further relief as the Court deems appropriate.

Respectfully Submitted,

BY: /s/ Jason Thomas_____
    Jason Thomas, Esq (ARDC# 6323343)
    Advocate Attorneys LLP
    1629 K St NW, STE 300,
    Washington, DC 20006
    www.advocateattorneys.com
    jthomas@advocateattorneys.com
    Telephone: (708)294-3900